UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

- - -

. . . . . . . . . . . . . . . .
UNITED STATES OF AMERICA,      .  Wednesday, September 9, 2020
                               .  3:00 PM
          Plaintiff,           .
                               .  *Telephonic Preliminary*
     - v -                     .  *Pretrial Conference*
                               .
LARRY HOUSEHOLDER              .  Case No. 1:20-cr-077-1
JEFFREY LONGSTRETH             .  Case No. 1:20-cr-077-2
NEIL CLARK                     .  Case No. 1:20-cr-077-3
MATTHEW BORGES                 .  Case No. 1:20-cr-077-4
JUAN CESPEDES                  .  Case No. 1:20-cr-077-5
GENERATION NOW, INC.,          .  Case No. 1:20-cr-077-6
                               .
          Defendants.          .  Cincinnati, Ohio
. . . . . . . . . . . . . . . .


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE TIMOTHY S. BLACK, JUDGE

<u>APPEARANCES</u> (all present by telephone):

For the Plaintiff:     EMILY N. GLATFELTER, ESQ.
                       MATTHEW C. SINGER, ESQ.
                       Assistant U.S. Attorneys
                       United States Attorney's Office
                       221 East Fourth Street, Suite 400
                       Cincinnati, Ohio  45202


For Defendant 1, Larry Householder:

MARK B. MAREIN, ESQ.          NICHOLAS R. OLESKI, ESQ.
STEVEN L. BRADLEY, ESQ.       101 West Prospect Avenue
Marein & Bradley              Suite 1800
526 Superior Avenue           Cleveland, Ohio  44115
Suite 222
Cleveland, Ohio  44114


*Proceedings recorded by stenotype; transcript*
*prepared by computer-aided transcription.*

1   <u>APPEARANCES (Continued)</u>:

2   For Defendant 2, Jeffrey Longstreth & Defendant 6, Generation
    Now, Inc.:

3
                            ROBERT F. KRAPENC, ESQ.
4                           601 South High Street
                            Columbus, Ohio  43215
5
    For Defendant 3, Neil Clark:
6
                            WILLIAM S. IRELAND, II, ESQ.
7                           William S. Ireland, Attorney At Law
                            85 Liberty Street
8                           Columbus, Ohio  43215

9   For Defendant 4, Matthew Borges:

10                          KARL H. SCHNEIDER, ESQ.
                            McNees Wallace & Nurick LLC
11                          21 East State Street
                            Suite 1700
12                          Columbus, Ohio  43215

13  For Defendant 5, Juan Cespedes:

14                          MARK C. COLLINS, ESQ.
                            KAITLYN C. STEPHENS, ESQ.
15                          Mark C. Collins Co., LPA
                            492 South High Street, Third Floor
16                          Columbus, Ohio  43215

17  Law Clerk:              Cristina V. Frankian, Esq.

18  Court Reporter:         Luke T. Lavin, RDR, CRR
                            Potter Stewart U.S. Courthouse
19                          100 East Fifth Street, Room 103
                            Cincinnati, Ohio  45202
20                          Telephone:  (513) 564-7500

21                              - - -

22

23

24

25

|    |                                                                  |
|----|------------------------------------------------------------------|
| 1  | P R O C E E D I N G S                       (3:00 PM)            |
| 2  | THE COURT:  Good afternoon.  This is Judge Timothy S.            |
| 3  | Black on the record in the United States District Court for the  |
| 4  | Southern District of Ohio on the criminal docket in the case of  |
| 5  | *United States versus Larry Householder, et al.*  We are set for |
| 6  | a preliminary pretrial conference by phone.                      |
| 7  | For those who are not participants in the case as lawyers        |
| 8  | for the parties or the parties, I ask that you mute your         |
| 9  | microphone so that we don't have excessive feedback.             |
| 10 | Non-participants in the case are welcome to be present and       |
| 11 | listen to the proceedings, but there is no recording to be done  |
| 12 | nor any comments to be made.                                     |
| 13 | I would like to begin with getting the lawyers to enter         |
| 14 | their appearances for the record.  So in the first instance,    |
| 15 | who appear as attorneys for the United States of America?       |
| 16 | MR. SINGER:  Matt Singer is here for the United                 |
| 17 | States, Your Honor.  Good afternoon.                            |
| 18 | MS. GLATFELTER:  And Emily Glatfelter for the United           |
| 19 | States.  Good afternoon.                                        |
| 20 | THE COURT:  Good afternoon.                                     |
| 21 | And is it the two of you alone today?                           |
| 22 | MS. GLATFELTER:  Yes, Your Honor.                              |
| 23 | THE COURT:  Very well.                                          |
| 24 | Who appear as the attorneys for Defendant 1, Larry             |
| 25 | Householder?                                                     |

1          MR. MAREIN:  Attorney Mark B. Marein on behalf of Mr.

2     Householder.

3          THE COURT:  Good afternoon.

4          MR. BRADLEY:  Steven Bradley on behalf of Mr.

5     Householder.

6          THE COURT:  Good afternoon, Mr. Bradley.

7          MR. BRADLEY:  Good afternoon.

8          MR. OLESKI:  And Nicholas Oleski on behalf of Mr.

9     Householder.

10         THE COURT:  Good afternoon to the three of you.

11     Who appears as the attorney for Defendant Number 2, Jeffrey

12     Longstreth?

13         MR. KRAPENC:  Good afternoon, Your Honor.  Bob Krapenc

14     on behalf of Mr. Longstreth.

15         THE COURT:  Good afternoon, Mr. Krapenc.  I'm going to

16     ask you about Defendant 6 momentarily, sir.

17     Who appears as the attorney for Defendant 3, Neil Clark?

18         MR. IRELAND:  Good afternoon, Your Honor.  Will

19     Ireland on behalf of Mr. Neil Clark.

20         THE COURT:  Good afternoon, Mr. Ireland.

21     And as to Defendant 4, Matthew Borges?

22         MR. SCHNEIDER:  Judge, Karl Schneider on behalf of Mr.

23     Borges.

24         THE COURT:  Good afternoon, Mr. Schneider.

25         MR. SCHNEIDER:  Good afternoon.

1          THE COURT:  Are you by yourself?

2          MR. SCHNEIDER:  I am.  Mr. Long is out of pocket right

3    now.

4          THE COURT:  Very well.

5       As to Defendant 5, Juan Cespedes?

6          MR. COLLINS:  Good afternoon, Your Honor.  May it

7    please the Court, I am Mark Collins on behalf of Juan Cespedes.

8          THE COURT:  Forgive me for mispronouncing.  Good

9    afternoon, Mr. Collins.

10      And on behalf of Defendant 6, Generation Now, Inc.,

11   counsel?

12         MR. KRAPENC:  Your Honor, good afternoon.  Bob Krapenc

13   also representing Generation Now, Inc.

14         THE COURT:  Good afternoon.  The docket does not yet

15   reflect an entry of appearance by you on behalf of Defendant 6,

16   but I know you appeared at the continued initial appearance and

17   arraignment.

18      Would you do the Court the courtesy of filing today on the

19   docket a short written entry of appearance so we're clear that

20   you represent Defendant 6 as well as Defendant 2, sir.

21         MR. KRAPENC:  Yes, sir.

22         THE COURT:  Thank you.

23      Are there any lawyers or parties on the line who have not

24   yet identified themselves?

25         MR. COLLINS:  Your Honor, I'm sorry, it's Mark

1 Collins.  My associate -- Kaitlyn Stephens -- we thought we had

2 filed her entrance as a co-counsel, but she's also on the call.

3 But she's in my office, Your Honor, listening.

4 　　　　THE COURT:  Good afternoon to you as well.

5 　　Will you follow through and enter --

6 　　　　MS. STEPHENS:  Good afternoon, Your Honor.

7 　　　　THE COURT:  Good afternoon.

8 　　Will you follow through and reflect her entry of appearance

9 on behalf of Defendant 5 as co-counsel by docketing that today?

10 　　　　MR. COLLINS:  Absolutely, Your Honor.  We've been

11 trying since about the last hour and a half and having some

12 technical difficulties, but it's my fault.  So thank you.

13 　　　　THE COURT:  If you ever have technical difficulties

14 and I can be helpful, let me know.

15 　　(Laughter.)

16 　　　　THE COURT:  All right.  Which lawyer was laughing at

17 me?

18 　　(No response.)

19 　　　　MR. COLLINS:  I was laughing at myself, Your Honor.

20 　　　　THE COURT:  I was teasing.

21 　　We have a quorum.  There's nobody else who is a lawyer or a

22 party who has not yet identified themselves; is that correct?

23 　　(No response.)

24 　　　　THE COURT:  Hearing no response, we have the roll call

25 set, and the Court is prepared to proceed.

1    Bear with me.  I'd like to make a short opening statement

2  and then go around the table and hear from a lawyer on behalf

3  of a party, in turn.

4    We are set for a preliminary pretrial conference.  We're

5  doing it by phone so as to not drag you all to the courthouse.

6  A preliminary pretrial conference in a criminal matter is often

7  largely a calendaring exercise.  We'll see where we are

8  collectively today on calendaring.

9    Typically I ask the government to start, and I'll tell you

10  what I hope to hear from the government beyond whatever else

11  they want to present that I don't identify.  And after I've

12  heard from the government, I'll just go around the table,

13  Defendant 1, 2, 3, et cetera, to get your input.

14    At a preliminary pretrial conference we have the

15  opportunity to set a calendar, either a full-blown trial

16  calendar or perhaps simply an interim calendar.  I ask the

17  government to kick us off, and I will do that momentarily.

18    Typically I ask the government to confirm my observations,

19  and in this case they include, number one, this is a one-count

20  Indictment charging RICO conspiracy, providing a maximum

21  penalty of up to 20 years in prison, up to three years'

22  supervised release, a fine of various degrees.

23    I would ask the government -- well, I mentioned the nature

24  of the charge, and it's a single-count Indictment.

25    I would also inquire of the government as to where you are

on production of discovery. I also will inquire of the government and all parties whether this case appears complex, to wit, given the number of defendants, the nature of the charges, and the volume of discovery, whether the parties believe that this case is complex such that it's unreasonable to expect adequate preparation within the speedy trial limits.

As to calendaring, the speedy trial calculation the Court has prepared suggests that time started on August 20 but was tolled by an ends of justice finding to November -- or excuse me, September 3, tolled as to all defendants. And so now five days have run. 65 days remain if we're doing a 70-day clock, which would require us to commence trial by November 13th, a Friday. And accordingly, if we set a full-blown trial calendar with a trial date, the Court would propose the trial date of 11/9, commencing 11/9/2020, a Monday, rather than the Friday of that week as specifically required.

So momentarily I'm going to stop talking and ask the government to affirm that I've stated the charge correctly and the potential penalty correctly. I'm going to ask where you are on production of discovery, where you are on your opinion as to whether this is a complex case, and anything else you want to bring to the Court's attention. And then I'm going to go and speak to each of the defense lawyers, defendant's single lawyer, to get a sense for your reaction to those same items and anything else you wish to bring to my attention.

I do acknowledge that Defendants 2, 3, 4 and 5 all have motions for discovery pending.  To some extent each motion requests, among other things, production of *Jencks* material, which the government is not required to provide at this time and the Court will not yet so order.  But otherwise I assume that after I hear from the government with the status of discovery production, subject to the government's duty to supplement, that perhaps those motions for discovery are effectively moot.

But as to the government's position at the preliminary pretrial conference today, would you kick us off and be responsive to my inquiries and state anything else you wish to state at this stage.

Who will be heard on behalf of the government?

MR. SINGER:  Yes, Your Honor.  This is Matt Singer for the government.

THE COURT:  Very well.

MR. SINGER:  Starting with number one, Your Honor, the charge and the penalty that you recited are correct.

As for discovery, defendants have been provided two rounds of discovery so far.  Discovery is voluminous, and we're still receiving and processing grand jury subpoena returns as well as search warrant returns, and we will be continuing to provide those in the following weeks on a rolling basis.

THE COURT:  I need to interrupt and clarify.  I may

have misheard you, but is it true that the government has begun to produce discovery and has done so in two separate waves to date?

MR. SINGER:  That is correct, Your Honor.

THE COURT:  And you have additional discovery to produce, and you intend to do that expeditiously?

MR. SINGER:  Yes, Your Honor.

THE COURT:  And you're simply going to do it on a rolling basis?

MR. SINGER:  That's correct.  We have served a number of subpoenas prior to the Indictment, and we are still in the process of receiving those returns, and we will be processing them and producing them in discovery expeditiously on a rolling basis.

THE COURT:  And without tying you down but just trying to get a sense for where we are, when do you think you will have achieved essentially full production but for your ongoing responsibility to supplement, a week, a month, an hour?  What do you think?

MR. SINGER:  Well, we're hopeful in the next -- within the next month.  We do -- in addition, some of it is out of our control in that third parties are producing these documents to us, and then we're going to need to turn those around and produce them to the defendants.  So we might need additional time, but we're hopeful that they will be coming in soon, and

1  we will turn them around as quickly as we can.

2  THE COURT:  And is it fair to infer that you have done

3  major production of the discovery in your possession and, as

4  third-party production occurs, you're going to simply produce

5  it as expeditiously as you can?

6  MR. SINGER:  Yes, that is true, Your Honor.  We do

7  have some discovery that we have had that we are getting -- we

8  have gotten in the last couple weeks that we are in the process

9  of turning around.  So as we -- like I said, as we get it in,

10  we will be producing it out.

11  THE COURT:  And when do you think you're going to have

12  most of the production of discovery accomplished but for

13  discovery that you have not yet received responses from for the

14  third parties?

15  MR. SINGER:  I would say hopeful that by the last week

16  in September or the first week in October.

17  THE COURT:  Very well.  I interrupted you.  You were

18  going to proceed.  Where are --

19  Go ahead.

20  MR. SINGER:  I would note, Your Honor, that in

21  addition to the grand jury subpoenas, we served a number of

22  search warrants, and we are in the process of processing those

23  returns as well, which, of course, we will produce in

24  discovery.  A lot of them are -- the substance of those -- some

25  of them, for example, we have produced back to the defendants

1    in their form, but we will be performing filter reviews of

2    those returns and then producing those on a rolling basis as

3    well.  And that will likely take more time than the grand jury

4    subpoenas, because we -- the filter review process is just

5    going to take time.

6           THE COURT:  Understood.  I'm simply trying to get a

7    sense for where you are.

8        It's still your turn in the -- whatever it is, in the

9    tunnel or in this conference.  What did you make of complexity?

10          MR. SINGER:  The government would agree that this is a

11   complex case, Your Honor, given the number of defendants, the

12   nature of the prosecution.  It's a complicated racketeering

13   matter involving multiple corporate entities.  So the

14   government would agree that this is a complex matter.

15          THE COURT:  Very well.  Are there other issues you

16   wanted to bring to my attention before I start to go around the

17   balance of the table?

18          MR. SINGER:  No, Your Honor.  Just that the government

19   agrees with the Court's speedy trial clock calculation.

20          THE COURT:  Very well.

21          MR. SINGER:  Other than that, nothing else for now.

22          THE COURT:  Very well.

23       Well, let's go around the table.  Who will be heard on

24   behalf of Defendant 1, Larry Householder?

25          MR. MAREIN:  I will, Your Honor, Mark Marein.  Tell me

1   when I need to speak.

2           THE COURT:  This would be your moment in time today.

3           MR. MAREIN:  Thank you.  I appreciate it.

4       In terms of the penalty provisions that were suggested by

5   both the Court and agreed to by the prosecutor, we would concur

6   in that.

7       In terms of the discovery, upon our submission of our entry

8   of appearance and substitution of counsel, we sent a discovery

9   request to the government.  The government has since, and

10  rather expeditiously, supplied us with what I'll deem to be

11  three tiers of discovery.  That was right before the Memorial

12  Day -- or, I'm sorry, Labor Day weekend, and suffice it to say,

13  we are just now beginning to look at it.  It appears to be, at

14  least from that initial disclosure, quite a bit of discovery.

15  And we've also heard, as the prosecutor said, that there is

16  likely to be some additional disclosures.

17      As far as the matter of complexity, I think the Indictment

18  and, naturally, all that surrounds this case speaks to the

19  issue of complexity, and we would therefore concur that the

20  speedy trial provision would, under such circumstances, not

21  satisfy the ends of justice, and we would be inclined to be

22  filing a motion, hopefully to be joined in by all parties, that

23  the matter is complex and ought to be scheduled sometime in the

24  future.

25      As far as bringing other matters to the Court's attention,

1    I don't believe this would play into it given my last statement

2    about complexity, but Mr. Bradley, my partner and co-counsel,

3    we are scheduled in U.S. District Court in Youngstown, Ohio, on

4    November 9th to proceed in a federal drug case, and that is a

5    date that probably is in granite at this point, given the

6    continuances and the pandemic.

7              THE COURT:  Very well.

8              MR. MAREIN:  That would -- and that's it.

9              THE COURT:  Well, let's have a little dialogue to

10   clarify.  You tend to agree that the case is complex and it

11   would be unreasonable to expect adequate preparation within the

12   speedy trial time limits; is that right?

13             MR. MAREIN:  Yes, Your Honor.

14             THE COURT:  And are you seeking a continuance for

15   adequate time to, among other things, review the voluminous

16   discovery and consider motion practice?

17             MR. MAREIN:  Yes.

18             THE COURT:  Very well.  And before I let you off the

19   hook, when do you think you would have had time to adequately

20   review discovery and consider motion practice?

21             MR. MAREIN:  Truth be told, Judge, I don't know if I'm

22   in a position to practically analyze that.

23             THE COURT:  Fair enough.

24             MR. MAREIN:  I can tell you that we just started

25   looking at what was presented, and the three of us just got off

the telephone maybe 15 minutes ago with Nick Oleski indicating

"There's a lot of materials here." So in that regard I would

have to say months.

THE COURT: Well, the Court will weigh in in due

course. I'm simply trying to gauge your perceptions and your

needs.

Was there more you wanted to bring to my attention before I

move to Defendant Number 2?

MR. MAREIN: None, Judge. Thank you.

THE COURT: Very well.

On behalf of Jeffrey Longstreth, counsel?

MR. KRAPENC: Your Honor, I would also agree that this

is a complex case. I would ask for a continuance to have the

adequate time to review the discovery, decide if and what

motions need to be filed. I have gone through a good bit of

the discovery, and I agree that it is going to take a fair bit

of time to go through, I'll call it, the last tier, the last

batch of discovery that I received last week. I would join in

the motion for a continuance.

THE COURT: Very well. Concise and on point.

Mr. Ireland, what's your perspective and that of your

client as we begin this journey?

MR. IRELAND: Your Honor, I'm going to concur as to

acknowledgment of penalties, also to the voluminous nature of

the discovery and to the complexity. And if I may, I would

also join similarly in terms of the continuance, Your Honor.

THE COURT:  Very well.

And on behalf of Defendant 4, Matthew Borges, counsel?

MR. SCHNEIDER:  Yes, Your Honor, Karl Schneider.

Yeah, we agree that this is a complex case.  We would join in the motion to continue outside the speedy trial parameters that are set for November.

And Mr. Singer was correct.  The government heretofore has provided at least myself and my co-counsel with two waves of discovery, the process which is -- of reviewing is ongoing as we speak.

THE COURT:  Very well.

And, Mr. Collins, on behalf of Defendant 5?

MR. COLLINS:  Thank you, Your Honor.

We would agree that it's a complex case.  We received our first batch through FedEx last week, and then we actually received another batch this morning at around 11:00 o'clock.  It's very voluminous in terms of motion practice, and it would be difficult at this point in time to set a deadline.  We are in agreement with a continuance and the complexity of the case.

THE COURT:  Very well.  Thank you.

And counsel on behalf of Defendant 6, Generation Now, Inc., also on behalf of Defendant 2, anything further specifically on behalf of Defendant 6, Generation Now, Inc.?

MR. KRAPENC:  Nothing further, Your Honor.  Thank you.

1          THE COURT:  Very well.

2      Back to the government.  The Court's prepared to make a

3  finding that given the number of defendants, the nature of the

4  charges and the volume of discovery, the Court finds that this

5  case is complex such that it's unreasonable to expect adequate

6  preparation within the speedy trial limits, and failure to

7  grant a continuance, as requested by all defendants, would

8  result in a miscarriage of justice.

9      Does the government concur, object, wish to be heard?  And

10  then when do you think it would be timely for me to summon the

11  lawyers to another conference for further harassment?

12          MS. GLATFELTER:  Your Honor, this is Emily Glatfelter.

13          THE COURT:  Yes.

14          MS. GLATFELTER:  We concur that it's complex.  But in

15  terms of the timeline, the discovery, I would just like to

16  point out to the Court that we've made a lot of effort on our

17  part to put the discovery in organized tiers and make sure that

18  it's easy to follow and easy to differentiate between the

19  tiers.  And so I do expect that, although we will make best

20  efforts to get this done within a month, I think realistically

21  it may take a little bit longer.  And so I would suggest a

22  follow-up status conference towards the end of October to find

23  out where we are in discovery, hopefully close to if not

24  finished, or any difficulties we've encountered, and then find

25  out the status of review and what defense counsel need in terms

1    of time.

2         THE COURT:  Very well.  I appreciate your statement

3    about the work you've done to produce the voluminous discovery

4    to date in as manageable a format as you can, and that's

5    entirely consistent with my experience with you and your

6    office.

7       On behalf of defendant Householder, do you think it's

8    reasonable or timely for me to set another status conference by

9    phone toward the end of October?

10        MR. MAREIN:  Yes, Judge.

11        THE COURT:  And on that date will you work toward

12   being able to tell me where you are on receipt of discovery

13   and, more specifically, where you are on a proposed motion

14   deadline?

15        MR. MAREIN:  Yes, Judge.

16        THE COURT:  Very well.

17      On behalf of Defendants 2 and 6, I'm horrible on names, but

18   it appears to be -- why don't you state your name again,

19   Robert.

20        MR. KRAPENC:  Your Honor, it's Bob Krapenc.

21        THE COURT:  Very well.  Mr. Krapenc, the same inquiry

22   I just made of Mr. Marein.

23        MR. KRAPENC:  Your Honor, I agree that the date at the

24   end of October should give me enough time to have a very good

25   idea of what motions I will need to file, and at which time I

1  will need to do that.

2          THE COURT:  Very well.

3      Mr. Ireland, on behalf of Neil Clark?

4          MR. IRELAND:  I will abide, Your Honor.  I'll ensure

5  to be as ready as possible.

6          THE COURT:  Very well.

7      On behalf of Defendant Borges?

8          MR. SCHNEIDER:  Your Honor, Karl Schneider.

9      Yes, we're comfortable with a late October status

10 conference call with the Court, et cetera.

11         THE COURT:  Very well.

12     And Mr. -- Bob, you have been heard on Defendant 6's

13 perspective as well?

14         MR. COLLINS:  Yes.  Yes on Defendant 5 to both, Your

15 Honor:  Mr. Cespedes.  This is Mark Collins.

16         THE COURT:  Very well.  Thank you.

17     And Defendant 6 has been heard, counsel; is that right?

18         MR. KRAPENC:  Yes, sir.

19         THE COURT:  Very well.

20     My law clerk's on the line.  I should have said that up

21 front.  I apologize.

22     Ms. Frankian, are you able to look at the calendar and

23 begin the bidding on a date and time in late October for a

24 status conference by phone?

25     We're all going to have to make an effort to make ourselves

1 available.

2     From the Court's perspective, what date and time would you

3 first propose, Ms. Frankian?

4         THE LAW CLERK:  October 30th at 2:30.

5         THE COURT:  Does that work for the government, or can

6 you make it work?

7         MS. GLATFELTER:  Yes, Your Honor.

8         THE COURT:  On behalf of defendant Householder, the

9 same inquiry.

10         MR. MAREIN:  That works.

11         THE COURT:  On behalf of Defendants 2 and 6, the same

12 inquiry.

13         MR. KRAPENC:  Yes, Your Honor, that works fine.  Thank

14 you.

15         THE COURT:  Mr. Ireland?

16         MR. IRELAND:  That will work, Your Honor.

17         THE COURT:  On behalf of Defendant 4, Borges?

18         MR. SCHNEIDER:  Yes, Your Honor, that's fine.  That

19 date's fine.

20         THE COURT:  Mr. Collins, on behalf of Defendant 5?

21         MR. COLLINS:  Absolutely, Your Honor.

22         THE COURT:  And Defendant 6 counsel has already

23 weighed in and will make himself available; is that right?

24         MR. KRAPENC:  Yes, Your Honor.

25         THE COURT:  Very well.

Well, one more time for the record, we're going to set this for a status conference by phone.

And, Ms. Frankian, help me. October 30 at 2:30; is that correct?

THE LAW CLERK: Yes, Judge.

THE COURT: Very well. We'll act accordingly.

The Court has made an ends of justice finding deeming the case complex, and time is tolled between now and the new date. And on the new date all participants will be in a position to indicate where we are on receipt and review of discovery and be in a position to propose to the Court an appropriate motion deadline.

With that, we may well have accomplished what we need to accomplish today. If there's more, though, tell me.

Is there more today from the government's perspective?

MR. SINGER: No, Your Honor.

MS. GLATFELTER: Not from the government.

THE COURT: Very well.

On behalf of defendant Householder?

MR. MAREIN: No.

THE COURT: On behalf of Defendants 2 and 6?

MR. KRAPENC: No, Your Honor. Thank you.

THE COURT: On behalf of counsel for Neil Clark, Mr. Ireland?

MR. IRELAND: Ireland. Nothing further here, Your

1   Honor.

2            THE COURT:  Very well.

3        On behalf of Defendant 4, counsel?

4            MR. SCHNEIDER:  Nothing, Your Honor.

5            THE COURT:  And on behalf of Defendant 5, Mr. Collins?

6            MR. COLLINS:  No, Your Honor.  Thank you.

7            THE COURT:  Very well.

8        Well, we have completed what we needed to do today.  The

9    Court will docket the status report date, and we'll be ready

10   for you on October 30 at 2:30 by phone.

11       With that, I want to thank you all for participating,

12   calling in timely.  I want you to stay safe.  And I am going to

13   adjourn now by saying goodbye and hanging up.

14       Thank you, counsel.  Goodbye.

15           MR. KRAPENC:  Thank you, Your Honor.

16           MR. COLLINS:  Thank you, Your Honor.

17           THE COURT:  Very well.

18       (Proceedings concluded at 3:30 PM.)

19                          - - -

20

21

22

23

24

25

1
# C E R T I F I C A T E

2          I, Luke T. Lavin, RDR, CRR, the undersigned, certify

3  that the foregoing is a correct transcript from the record of

4  proceedings in the above-entitled matter.

5

6                              s/Luke T. Lavin
                               Luke T. Lavin
7                              Official Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25